Filed 12/21/23 P. v. Lugo CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANGEL ARTURO LUGO,<br><br>    Defendant and Appellant. | B325491<br><br>Los Angeles County<br>Super. Ct. No. TA102418 |

APPEAL from an order of the Superior Court of Los Angeles County, Tammy Chung Ryu, Judge. Reversed and remanded with directions.

Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Over 20 years ago, a jury convicted defendant Angel Arturo Lugo of first degree murder and found he used a knife to commit the offense. The court sentenced Lugo to 26 years to life in prison.

In early 2021, the Secretary of the California Department of Corrections and Rehabilitation (Secretary) recommended the trial court recall Lugo's sentence and resentence him under former Penal Code[1] section 1170, subdivision (d) (now section 1172.1), citing Lugo's record of good behavior in prison. In June 2022, before the court ruled on the Secretary's recommendation, the Secretary rescinded it, stating she no longer supported recalling Lugo's sentence based on her review of "subsequent information in his file." The court then terminated Lugo's recall proceedings, finding it lacked jurisdiction to recall his sentence once the Secretary rescinded her recommendation.

On appeal, Lugo contends the court erred in refusing to rule on the merits of the Secretary's recall recommendation. The People argue the Secretary's withdrawal of her recommendation extinguished the court's sentencing jurisdiction, and Lugo's appeal should be dismissed for lack of an appealable order. As we explain, the Secretary's decision to rescind her recall recommendation did not, by itself, extinguish the court's sentencing jurisdiction. Rather, the court retained its sentencing jurisdiction and had discretion to act on the Secretary's recommendation—either by ruling on its merits or dismissing the recall proceedings without prejudice. Because the court was unaware it possessed such discretion, we remand the matter for reconsideration of the Secretary's recommendation to recall Lugo's sentence under section 1172.1.

---

[1] All undesignated statutory references are to the Penal Code.

## BACKGROUND

In October 2000, a jury convicted Lugo of one count of first degree murder (§ 187, subd. (a)). The jury also found Lugo personally used a deadly and dangerous weapon, a knife, while committing the murder (§ 12022, subd. (b)(1)). The court sentenced Lugo to a total term of 26 years to life in prison, consisting of a term of 25 years to life for the murder plus a consecutive one-year term for the weapon enhancement.

In April 2021, the Secretary submitted a letter recommending the court recall Lugo's sentence and resentence him pursuant to former section 1170, subdivision (d). The Secretary cited Lugo's good behavior and participation in several vocational and rehabilitative programs while in prison.

In December 2021, the court appointed counsel to represent Lugo. In February 2022, defense counsel filed a motion in support of resentencing. Later that month, the court scheduled a hearing on the Secretary's recall recommendation for April 2022, which was continued several times.

In late June 2022, the Secretary rescinded her recommendation. According to the Secretary, she had "since reviewed subsequent information in [Lugo's] file and based upon [that] information, [she] no longer support[ed] the prior recommendation for a sentencing recall."

In November 2022, Lugo filed a supplemental motion asking the court to proceed with his recall proceedings, arguing the court retained discretion to do so even after the Secretary rescinded her recommendation.

Following a hearing in mid-November 2022, the court denied Lugo's motion. The court explained that once the Secretary withdrew her recommendation, the court "lost jurisdiction to consider resentencing Mr. Lugo in this matter. And unless the court gets something else from [the Secretary] or

the District Attorney's office, there's no statutory basis for the court to resentence Mr. Lugo." The court then terminated Lugo's recall proceedings.

Lugo appeals.

## DISCUSSION

### 1. Applicable Law and Standard of Review

Under section 1172.1, subdivision (a)(1), the court may, "at any time upon the recommendation of the [Secretary] … , recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (§ 1172.1, subd. (a)(1).)

When recalling a defendant's sentence and resentencing him under section 1172.1, the court "shall … apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1172.1, subd. (a)(2).) The court may not grant or deny recall and resentencing without "stat[ing] on the record the reasons for its decision," nor may it deny recall and resentencing "without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection." (*Id.*, subd. (a)(6), (8).) And where, as here, the Secretary or another correctional institution or prosecutorial agency recommends recall and resentencing, the court must appoint counsel to represent the defendant and "provide notice to the defendant and set a status conference within 30 days after the date that the court received the request." (*Id.*, subd. (b)(1).) In addition, the court must also apply a "presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (*Id.*, subd. (b)(2).)

4

If the court decides to recall the defendant's sentence, it may: (1) "[r]educe a defendant's term of imprisonment by modifying the sentence"; or (2) if the defendant and the prosecutor's office that originally tried the defendant agree, "[v]acate the defendant's conviction and impose judgment on any necessarily included offense or lesser related offense, whether or not that offense was charged in the original pleading, and then resentence the defendant to a reduced term of imprisonment." (§ 1172.1, subd. (a)(3).)

Section 1172.1's recall and resentencing procedures provide " 'an exception to the common law rule that the [trial] court loses resentencing jurisdiction once execution of sentence has begun.' " (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082 (*E.M.*), quoting *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) A recall recommendation functions as an invitation to the court to exercise its equitable jurisdiction, which "furnishes the court with the jurisdiction it would not otherwise have to recall and resentence." (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040 (*McMurray*).)[2]

---

[2] Section 1172.1's recall and resentencing procedures were originally found in former section 1170, subdivision (d), which was in effect at the time the Secretary filed her recall recommendation. (*People v. Vaesau* (2023) 94 Cal.App.5th 132, 144 (*Vaesau*).) By the time the Secretary withdrew her recommendation, the Legislature had moved those procedures to section 1170.03. (*Vaesau*, at p. 144.) In enacting section 1170.03, the Legislature added several provisions that clarify the procedures and presumptions applicable to proceedings that arise out of a Secretary's recommendation to recall a defendant's sentence, such as the requirement that the court appoint counsel to represent the defendant and the presumption favoring recall and resentencing of the defendant. (*McMurray*, *supra*, 76 Cal.App.5th at p. 1040; see also former § 1170.03.) Before the court terminated Lugo's recall

We review a court's denial of recall and resentencing for abuse of discretion. (*E.M.*, *supra*, 85 Cal.App.5th at pp. 1082–1083.) We independently review issues of statutory interpretation. (*Ibid*.)

## 2. The Secretary's decision to withdraw her recall recommendation did not extinguish the court's sentencing jurisdiction.

Lugo argues the court erred in terminating his recall proceedings after the Secretary withdrew her recommendation to recall his sentence. Specifically, Lugo contends the court erroneously believed the Secretary's decision to withdraw her recommendation extinguished the court's sentencing jurisdiction. Since the court did not realize it retained discretion to recall his sentence and resentence him under section 1172.1, Lugo argues, the matter must be remanded to allow the court to exercise that discretion.

The People, on the other hand, argue we should dismiss Lugo's appeal for lack of an appealable order because the court did not rule on the Secretary's recommendation to recall Lugo's sentence after the Secretary rescinded that recommendation. Alternatively, the People argue, the court lacked jurisdiction to

---

proceedings, section 1170.03 was recodified as section 1172.1, without any substantive changes. (Stats. 2022, ch. 58, § 9; *Vaesau,* at p. 142.)

Lugo contends, and the People don't dispute, that section 1172.1 applies to this case since it was in effect at the time the court declined to recall Lugo's sentence. We agree. (See *McMurray*, *supra*, 76 Cal.App.5th at pp. 1039–1042 [because the Legislature enacted former section 1170.03 to clarify its intent regarding former section 1170, subdivision (d)(1), defendant was entitled to have the court consider the Secretary's recall recommendation, which was filed while former section 1170, subdivision (d) was still in effect, under the procedures set forth in section 1170.03].)

6

recall Lugo's sentence once the Secretary rescinded her recommendation, so to the extent the court issued any "ruling" or "order" under section 1172.1, it is not appealable.

Two recent opinions—*E.M.* and *Vaesau*—both issued after the court in this case concluded it lacked jurisdiction, have addressed questions similar to those raised in this appeal and held the decision of an executive branch actor, such as the Secretary or a prosecutor, to withdraw a recall recommendation does not, by itself, extinguish the trial court's sentencing jurisdiction under section 1172.1. Considering these cases, we conclude the court was not required to terminate Lugo's recall proceedings as a matter of course once the Secretary withdrew her support for recalling Lugo's sentence. Because the court did not realize it had discretion to either terminate the proceedings without prejudice or reach the merits of the Secretary's recall recommendation, we remand the matter for the court to exercise that discretion in the first instance.

### 2.1.  *E.M.*

In *E.M.*, the Secretary recommended the trial court recall the defendant's sentence and resentence him under former section 1170, subdivision (d) in light of "a recent legislative change to section 1385 that granted trial courts the discretion to dismiss a prior serious felony enhancement in furtherance of justice." (*E.M.*, *supra*, 85 Cal.App.5th at p. 1080.) The court declined to recall the defendant's sentence because it believed the ameliorative legislation did not apply to sentences that were final, like the defendant's sentence. (*Id.* at pp. 1082, 1090.) The defendant appealed, and the People initially agreed that the matter should be remanded because the court erroneously believed it lacked discretion to dismiss the defendant's prior serious felony enhancements. (*Id.* at p. 1081.) While the appeal was pending, and after the parties had fully briefed the merits,

7

the Secretary withdrew her recommendation to recall the defendant's sentence. (*Ibid.*) In supplemental briefing, the People argued the defendant's appeal should be dismissed as moot considering the Secretary's decision to rescind her recall recommendation. (*Id.* at p. 1082.)

The Sixth District disagreed, holding the Secretary's rescission of her recall recommendation at such a late stage in the proceedings did "not eliminate the trial court's jurisdiction to recall and resentence." (*E.M.*, *supra*, 85 Cal.App.5th at p. 1087.) The defendant's appeal, therefore, was not moot. (*Ibid.*)

The appellate court began its analysis with a discussion of section 1172.1's language. (*E.M.*, *supra*, 85 Cal.App.5th at p. 1083.) First, the court found nothing in the statute's language "clearly gives the Secretary the power to rescind her recommendation" to recall a defendant's sentence. (*Ibid.*) To the contrary, section 1172.1, subdivision (a)(1)'s use of the phrase " '*at any time* upon the recommendation' implies the trial court's power to recall continues indefinitely once it receives a recommendation from the Secretary." (*Ibid.*) After reviewing section 1172.1's legislative history, the court found it did not address whether the Secretary has the authority to rescind her recall recommendation and unilaterally extinguish the court's jurisdiction to recall a defendant's sentence. (*Id.* at pp. 1083–1084.)

The court then distinguished *In re Fain* (1976) 65 Cal.App.3d 376 (*Fain*) and rejected the People's argument that the Secretary possesses an inherent power to rescind a recall recommendation after the trial court has ruled on it. (*E.M.*, *supra*, 85 Cal.App.5th at p. 1084.) Although the Secretary may rescind decisions that are " 'purely administrative in nature,' " such as the Adult Authority's decision to grant parole and fix a release date at issue in *Fain*, a recall recommendation is not a

purely administrative function. (*Ibid*.) Rather, it implicates a court's power to recall and resentence, which "is primarily a judicial function." (*Ibid*.) Indeed, the court noted, " '[b]y enacting [former] section 1170(d), the Legislature intended to retain, within the limits of determinate sentencing, the preexisting *judicial power* to recall and reconsider a sentence on individual grounds.' " (*Ibid*.) According to the court, "it is unlikely the Legislature intended for [the Secretary's powers] to intrude this far into the courts' jurisdiction over sentencing matters." (*Id*. at p. 1085.)

The court also rejected the People's claims that public policy and the separation-of-powers doctrine justified permitting the Secretary to rescind her recall recommendation at such a late stage in the proceedings. (*E.M.*, *supra*, 85 Cal.App.5th at pp. 1085–1086.) To the contrary, the court noted, any separation of powers concerns weighed against allowing the Secretary to rescind her recommendation after the trial court had already ruled on it, the parties had fully briefed the merits of the defendant's appeal, and the appellate court was prepared to grant the defendant his requested relief. (*Id*. at p. 1086.) To hold otherwise would permit the Secretary to unilaterally " 'undermine the authority and independence' of [the] court." (*Id*. at p. 1087.) Nevertheless, the court noted, on remand nothing would prohibit the trial court from giving weight to the Secretary's most recent recommendation—i.e., her letter stating she no longer supported recalling the defendant's sentence—as a factor in the court's analysis under section 1172.1. (*E.M.*, at p. 1087.)

The court in *E.M.* declined to decide, however, if the Secretary may rescind a recall recommendation at an earlier stage in the proceedings, such as "where the trial court has not yet acted on it; where a subsequent change in the prisoner's

9

circumstances may support rescission; or where the initial recommendation was erroneously issued due to administrative improvidence." (*E.M.*, *supra*, 85 Cal.App.5th at pp. 1085–1086.)

### 2.2. *Vaesau*

In *Vaesau*, which was decided after *E.M.*, Division One of the First District addressed whether a district attorney could withdraw a recall recommendation issued under section 1172.1 before the trial court acted on it. (*Vaesau*, *supra*, 94 Cal.App.5th at p. 138.) There, the district attorney moved the court to recall the defendant's sentence. (*Id*. at p. 140.) The district attorney's request "did not address why the district attorney recommended resentencing or include any supporting documentation." (*Id*. at p. 151.) Shortly thereafter, a new district attorney was appointed, who moved to withdraw her predecessor's recall recommendation without citing any reason for the proposed withdrawal. (*Id*. at pp. 140–141.) The trial court granted the withdrawal motion and terminated the section 1172.1 recall proceedings. (*Vaesau*, at p. 141.)

On appeal, the defendant argued the district attorney lacked the authority to rescind the recall recommendation and the trial court violated section 1172.1 and his due process rights by failing to reach the merits of whether to recall his sentence. (*Vaesau*, *supra*, 94 Cal.App.5th at p. 139.) The People argued the district attorney had the inherent power to rescind the recall recommendation and divest the court of its sentencing jurisdiction under section 1172.1. (*Vaesau*, at pp. 143–145.) Since the court lacked jurisdiction to recall the defendant's sentence once it granted the district attorney's withdrawal motion, the People contended there was no appealable order that the defendant could challenge. (*Id*. at p. 143.) The appellate court found the "correct answer lies between these two extremes." (*Id*. at p. 145.)

10

The court held a district attorney does not possess the inherent power to unilaterally terminate proceedings under section 1172.1 by withdrawing a recall recommendation before the court rules on its merits. (*Vaesau, supra,* 94 Cal.App.5th at pp. 145–146.) Distinguishing *Fain*, the court explained that unlike a decision to grant parole, which is a " ' "purely administrative" ' " action, a decision to recommend recall and resentencing implicates not just the powers of an executive branch actor—such as a district attorney or the Secretary—but also the sentencing powers of the court. (*Id.* at p. 147.) Since a recall recommendation under section 1172.1 "functions to renew the trial court's sentencing jurisdiction," the court observed, "permitting the executive branch to unilaterally terminate section 1172.1 proceedings would 'intrude' into that jurisdiction, raising separation-of-powers concerns." (*Vaesau*, at p. 147.)

Nevertheless, the court concluded, trial courts are not required to reach the merits of every recall recommendation. (*Vaesau, supra,* 94 Cal.App.5th at p. 148.) Rather, courts have discretion to allow a recommendation to be withdrawn when the recommending agency "identifies a legitimate basis for withdrawing the [recommendation] and moves to withdraw before the court rules on the merits." (*Id.* at p. 139; see also *id.* at pp. 151–153.) The court observed that although section 1172.1 does not establish a procedure for terminating recall proceedings without prejudice, courts " 'possess a constitutionally conferred, inherent authority "to create new forms of procedure" in the gaps left unaddressed by statutes and the rules of court.' " (*Vaesau*, at p. 150.) Using that authority to terminate section 1172.1 proceedings without prejudice upon a showing of good cause to rescind a recall recommendation comports with the Legislature's intent that courts give weight to an agency's "most up-to-date assessment" of a prisoner's fitness for resentencing. (*Vaesau*, at p.

11

149.) The court also noted that "if resentencing requests were 'irrevocable,' it could discourage district attorneys and others from making such requests in the first place, which would thwart section 1172.1's overall purpose of reducing incarceration levels." (*Id.* at pp. 149–150.)

Addressing the scope of a trial court's discretion to permit withdrawal of a recall recommendation, the court explained that such discretion must be "guided by section 1172.1's objectives." (*Vaesau*, *supra*, 94 Cal.App.5th at p. 151.) While there "could be a range of valid reasons to withdraw a [recall recommendation], such as 'administrative mistake or improvidence,' a change in the law, or a 'change in the prisoner's circumstances' making the prisoner 'less deserving of resentencing,' " a trial court thwarts the intent behind section 1172.1's presumption in favor of resentencing when it does not consider the basis for a withdrawal request before terminating recall proceedings. (*Vaesau*, at p. 152.)

The court also found that "[d]ue process concerns … support requiring a district attorney to offer a valid reason for deciding to withdraw a resentencing request." (*Vaesau*, *supra*, 94 Cal.App.5th at p. 152.) Specifically, the court explained, allowing an agency "to withdraw a resentencing request without explanation, especially under the political circumstances [at issue there], raises the specter of arbitrary action and does not carry the appearance of fairness." (*Ibid.*) Because the district attorney did not provide an explanation for her decision to withdraw her predecessor's recall recommendation, the appellate court remanded the matter for the trial court to reconsider whether to allow the district attorney to withdraw the recommendation. (*Id.* at pp. 152–153.)

12

### 2.3. Conclusion

We conclude the Secretary's decision to rescind her recommendation to recall Lugo's sentence before the court ruled on it did not, without more, extinguish the court's sentencing jurisdiction. Once the Secretary issued her recommendation, the court had jurisdiction to recall Lugo's sentence and resentence him under section 1172.1. (*McMurray*, *supra*, 76 Cal.App.5th at p. 1040.) Nothing in that statute, however, states the Secretary may unilaterally extinguish the court's jurisdiction by rescinding her recall recommendation. (See generally § 1172.1; see also *E.M.*, *supra*, 85 Cal.App.5th at p. 1083.) And, as the courts in *E.M.* and *Vaesau* explained, granting the Secretary such authority would raise separation of powers concerns. (See *E.M.*, at p. 1086 [allowing Secretary to unilaterally moot court proceedings would " 'undermine the authority and independence' " of the court]; *Vaesau*, at p. 147 [permitting executive branch to unilaterally terminate section 1172.1 proceedings would " 'intrude' " into court's sentencing jurisdiction].)

Certainly, a court is not required to rule on the merits of every recall recommendation it receives. Nothing in section 1172.1 prohibits a court from terminating recall proceedings without prejudice after the Secretary withdraws her recommendation. (See generally § 1172.1; see also *Vaesau*, *supra*, 94 Cal.App.5th at pp. 150–151.) Indeed, precluding a court from allowing a recall recommendation to be withdrawn would undermine "section 1172.1's overall purpose of reducing incarceration levels," because it could discourage the Secretary and other agencies from asking a court to recall a defendant's sentence. (*Vaesau*, at pp. 149–150.)

In short, the Secretary's decision here to rescind her recommendation did not extinguish the court's sentencing

13

jurisdiction as a matter of course. And where, as here, the record shows the court acted on the assumption it lacked discretion to exercise its sentencing jurisdiction, remand is necessary so that the trial court may have the opportunity to exercise that discretion in the first instance. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' "].)

## DISPOSITION

The order terminating Lugo's recall proceedings is vacated. The matter is remanded for further proceedings consistent with the views expressed in this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.

14